FILED
2024 Jun-05  AM 08:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | |
|---|---|
| DENYS ROCK, | ) |
| | ) |
|     Plaintiff, | ) |
| | )     Civil Action No. |
| vs. | ) |
| | ) |
| VUTEQ USA, INC., | ) |
| | |
|     Defendant. | |

## COMPLAINT

## I. JURISDICTION

1. This is a suit for relief from unlawful demotion and constructive discharge of employment instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*; and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq.*  Jurisdiction of this Court exists pursuant to 28 U.S.C. §§1331 and 1343(a)(4).

2. Plaintiff Denys Rock ("Plaintiff") timely filed a charge of discrimination against defendant Vuteq USA, Inc. ("Defendant") with the U.S. Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment.  Plaintiff has further filed this suit within 90 days after receipt of her right-to-sue notice issued from the EEOC.

## II.  PARTIES

3.  Plaintiff is a citizen of the United States over the age of nineteen and a resident of Marshall County, Alabama.

4.  Defendant is a Delaware corporation with a principal place of business in Georgetown, Kentucky.

## III.  STATEMENT OF FACTS

5.  Plaintiff is female.

6.  In or about January of 2022, Plaintiff became employed by Defendant at its facility in Madison, Madison County, Alabama.

7.  Plaintiff suffers from anxiety and depression, and did so during the events of this case.

8.  In May of 2023, Plaintiff applied for a continuous medical leave under the FMLA because of her anxiety and depression.

9.  Defendant approved Plaintiff's medical leave.

10.  Plaintiff kept Katie French in Defendant's Human Resources department informed of her leave status.

11.  Plaintiff's leave was set to end July 17, 2023.

12.  On or about July 17, 2023, Plaintiff returned to work.

13.  After working a short time, Plaintiff was advised to go to the office.

14. Plaintiff went there, and French told her she needed a return to work release from her doctor.

15. French told Plaintiff to get it dated for July 24 as the plant was having a shutdown.

16. Plaintiff did that and returned to work on or about July 24.

17. Plaintiff took the release to the office and gave it to French.

18. French told Plaintiff to go home and come back the next day, that they had to find a place to put Plaintiff.

19. On or about July 25, 2023, Plaintiff went to work and was called to a meeting with Charles Howton, the plant manager, and French.

20. Howton is male.

21. Howton told Plaintiff that he was disappointed that she had not come to him first and told him about her need for medical leave.

22. Horton said that he did not feel that Plaintiff needed to remain in her position, which was production supervisor, and that she had been replaced while she was on leave.

23. Plaintiff had not been told that she was supposed to have done anything other than communicate with Human Resources about taking medical leave.

3

24. Howton said that Plaintiff could be demoted to team lead or team member.

25. Team lead was two levels below production supervisor, and team member was the base level position below that.

26. Accepting a demotion to either position would have involved a substantial cut in pay in addition to loss of prestige, responsibility, and authority.

27. Plaintiff could not afford to take such a substantial pay cut.

28. Further, it was insulting and hurtful to Plaintiff to be demoted from her supervisor position when she had worked so hard simply because she had to take a medical leave.

29. Plaintiff was given no choice but to resign and did.

30. Plaintiff had been replaced with a male, Willie Pickett.

## IV.  CAUSES OF ACTION

### COUNT I

### DEMOTION- TITLE VII

31. Paragraphs 1-30 above are incorporated by reference.

32. Defendant was a covered employer under Title VII during all times relevant to this case.

33. Defendant violated Plaintiff's rights under Title VII by demoting her because of her gender.

34. Plaintiff pleads both a single-motive and mixed-motive theory.

35. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating her and placing her in the position she would have occupied in the absence of discrimination (or front-pay), providing back-pay with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from further violation of Plaintiff's rights under Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor;

(v) That the Court award such other legal and equitable relief as justice

requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT II

### DEMOTION- ADA

36. Paragraphs 1-30 above are incorporated by reference.

37. Defendant was an employer as that term is contemplated under the ADA during the events of this case.

38. Plaintiff's anxiety and depression constituted a mental impairment under the ADA during the events of this case.

39. Due to these impairments, Plaintiff was substantially limited with respect to the major life activity of the operation of her neurological system, as well as concentrating, thinking, communicating, interacting with others, and working during flare-ups.

40. Plaintiff is and was during the events of this case disabled under the ADA.

41. Plaintiff was and is a qualified individual able to perform the essential functions of her position.

42. Defendant violated Plaintiff's rights under the ADA by demoting her (1) because of her disability (actual and/or perceived), (2) as a result of Defendant's failure to provide me a reasonable accommodation for her disability to take time off

from work because of it and to return to her former position, and/or (3) in retaliation for Plaintiff's having requested that accommodation for her disability and taken that time off from work.

43. With respect to her claim that she was demoted because of her disability, Plaintiff pleads both a single-motive and mixed-motive theory.

44. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's actions described herein violated the ADA;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate the ADA;

(iii) That the Court enter an Order requiring Defendant to make Plaintiff whole placing her into the position she would have occupied in the absence of discrimination (or, alternatively, providing front-pay), providing lost back-pay and benefits, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award Plaintiff pre-judgment and post-judgment interest at

the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v)   That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT III

## DEMOTION- FMLA

45.   Paragraphs 1-30 above are incorporated by reference.

46.   Defendant was a covered employer under the FMLA during the course of events set forth above.

47.   Plaintiff was an eligible employee under the FMLA during the course of events set forth above, to-wit:

(a) Plaintiff had been employed by Defendant for at least 12 months prior to the events at issue;

(b) Plaintiff had worked at least 1,250 hours in her service to Defendant in the 12 months prior to the events at issue; and

(c) Plaintiff was employed at a worksite where 50 or more employees were employed by Defendant within 75 miles.

48.   Plaintiff's anxiety and depression constituted a serious health condition

under the FMLA in that it involved continuing treatment by a health care provider under 29 C.F.R. §825.115(a)(1) and/or a chronic condition under 29 C.F.R. §825.115(c).

49. Plaintiff's leave from work as set forth above was protected under the FMLA.

50. Defendant violated Plaintiff's rights under the FMLA by (1) interfering with her right to take leave covered by the FMLA and/or (2) retaliating against her for availing herself of her rights under the FMLA in demoting her after her return from FMLA leave.

51. Defendant knew, or showed reckless disregard for whether, its act of demoting Plaintiff violated the FMLA.

52. Defendants acted in willful violation of the FMLA.

53. As a result of the above described unlawful act, Plaintiff has been made to suffer lost wages and benefits.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's actions violated the FMLA;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant,

and its agents, employees, successors, and those acting in concert with Defendant from further violating Plaintiff's FMLA rights;

(iii) That the Court enter an Order requiring Defendant to make Plaintiff whole by placing her in the position she would have occupied in the absence of Defendant's violation of her FMLA rights (or, alternatively, providing front-pay), providing back-pay and restoration of lost benefits and perquisites of employment, and ordering Defendant to pay liquidated damages;

(iv) That the Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

**COUNT IV**

**CONSTRUCTIVE DISCHARGE- TITLE VII**

54. Paragraphs 1-30 and 32 above are incorporated by reference.

55. Defendant violated Plaintiff's rights under Title VII by constructively discharging her because of her gender.

56. Plaintiff pleads both a single-motive and mixed-motive theory.

10

57.  As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating her and placing her in the position she would have occupied in the absence of discrimination (or front-pay), providing back-pay with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from further violation of Plaintiff's rights under Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor;

11

(v)   That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT V

## CONSTRUCTIVE DISCHARGE- ADA

58.  Paragraphs 1-30 and 37-41 above are incorporated by reference.

59.   Defendant violated Plaintiff's rights under the ADA by constructively discharging her (1) because of her disability (actual and/or perceived), (2) as a result of Defendant's failure to provide her with a reasonable accommodation for her disability to take time off from work because of it and to return to her former position, and/or (3) in retaliation for Plaintiff's having requested that accommodation for her disability and taken that time off from work.

60.  With respect to her claim that she was terminated because of her disability, Plaintiff pleads both a single-motive and mixed-motive theory.

61.  As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's actions described herein violated the ADA;

(ii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate the ADA;

(iii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing her into the position she would have occupied in the absence of discrimination (or, alternatively, providing front-pay), providing lost back-pay and benefits, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT VI

## CONSTRUCTIVE DISCHARGE- FMLA

62.  Paragraphs 1-51 and 46-49 above are incorporated by reference.

13

63.   Defendant violated Plaintiff's rights under the FMLA by (1) interfering with her right to take leave covered by the FMLA, and/or (2) retaliating against her for availing herself of her rights under the FMLA in constructively discharging her after her return from FMLA leave.

64.   Defendant knew, or showed reckless disregard for whether, its act of constructively discharging Plaintiff violated the FMLA.

65.   Defendants acted in willful violation of the FMLA.

66.   As a result of the above described unlawful act, Plaintiff has been made to suffer lost wages and benefits.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's actions violated the FMLA;

(ii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violating Plaintiff's FMLA rights;

(iii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing her in the position she would have occupied in the absence of Defendant's violation of her FMLA rights (or, alternatively, providing

front-pay), providing back-pay and restoration of lost benefits and perquisites of employment, and ordering Defendant to pay liquidated damages;

(iv) That the Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

Respectfully submitted,

s/ Adam M. Porter
Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

s/ Adam M. Porter
Attorney for Plaintiff

15